FILED
2020 DEC -4 PM 2: 47
US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

# UNITED STATES DISTRICT COURT
## DISTRICT OF FLORIDA

### CIVIL RIGHTS COMPLAINT FORM FOR PRO SE, PRISONER LITIGANTS IN ACTIONS UNDER 28 U.S.C. § 1331 or § 1346 or 42 U.S.C. § 1983

Daniel Latravces Morgan,

Inmate ID Number: #67060-004,

Daniel Latravces Morgan,

*(Write the full name and inmate ID number of the Plaintiff.)*

v.

Federal Correctional Complex - Coleman, Florida,

_____,

*(Write the full name of each Defendant who is being sued. If the names of all the Defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)*

Case No.: 6:20-cv-2214-ORL-28LRH
*(To be filled in by the Clerk's Office)*

**Jury Trial Requested?**
☑ YES  ☐ NO

## I. PARTIES TO THIS COMPLAINT

### A. Plaintiff

Plaintiff's Name: Daniel Latrevors Morgan  ID Number: #67266-004

List all other names by which you have been known: N/A

Current Institution: F.C.C. Coleman-Medium

Address: Federal Correctional Complex-Medium, Unit B4-68L, P.O. BOX 1032, Coleman, Florida 33521

### B. Defendant(s)

State the name of the Defendant, whether an individual, government agency, organization, or corporation. For individual Defendants, identify the person's official position or job title, and mailing address. Indicate the capacity in which the Defendant is being sued. Do this for *every* Defendant:

1. Defendant's Name: Federal Correctional Complex - Coleman

   Official Position: Health Services

   Employed at: Federal Bureau of Prisons

   Mailing Address: F.C.C. Coleman-Medium, P.O. BOX 1032, Coleman, Florida 33521

   ☐ Sued in Individual Capacity    ☑ Sued in Official Capacity

2. Defendant's Name: _____

   Official Position: _____

   Employed at: _____

   Mailing Address: _____

   _____

   ☐ Sued in Individual Capacity   ☐ Sued in Official Capacity

3. Defendant's Name: _____

   Official Position: _____

   Employed at: _____

   Mailing Address: _____

   _____

   ☐ Sued in Individual Capacity   ☐ Sued in Official Capacity

   *(Provide this information for all additional Defendants in this case by attaching additional pages, as needed.)*

## II. BASIS FOR JURISDICTION

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution" and federal law. Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971), you may sue federal officials for the violation of certain Constitutional rights.

Are you bringing suit against (*check all that apply*):

☑ Federal Officials (*Bivens case*)          ☐ State/Local Officials (*§ 1983 case*)

## III. PRISONER STATUS

Indicate whether you are a prisoner, detainee, or in another confined status:

☐ Pretrial Detainee              ☐ Civilly Committed Detainee

☐ Convicted State Prisoner       ☑ Convicted Federal Prisoner

☐ Immigration Detainee           ☐ Other *(explain below)*:

_____

_____

## IV. STATEMENT OF FACTS

Provide a short and plain statement of the *facts* which show why you are entitled to relief. Describe how *each* Defendant was involved and what each person did, or did not do, in support of your claim. Identify when and where the events took place, and state how each Defendant caused you harm or violated federal law. Write each statement in short numbered paragraphs, limited as far as practicable to a single event or incident. ***Do not make legal argument, quote cases, cite to statutes, or reference a memorandum.*** You may make copies of the following page if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages

should be attached. *Facts not related to this same incident or issue must be addressed in a separate civil rights complaint.*

(1.) In July of 2014, Plaintiff, Daniel Morgan ("Morgan") injured his lower back while incarcerated at Federal Correctional Complex-USP-1 in Coleman, Florida, and he immediately reported this injury to the Health Services Department ("HSD"). See attached (Exhibit A). Morgan notified Health Provider Nikbakht, S., MLP ("HSDP") that "when he injured his lower back he heard something pop, and felt something snap," and that "he feels aching, radiating, sharp and shooting pain." (Id.). HSDP Nikbakht prescribed Naproxen 500 mg Tablets for the pain and also requested an X-ray of Morgans Lumbar Spine. (Id.). The X-ray was conducted seven-days later on July 14th, 2014. (Id.).

(2.) On or about August 1st, 2014, the X-ray results were available for review. See attached (Exhibit B). The X-ray results findings revealed that Morgans "Lumbar Spine were Abnormal with Pseudo-articulation on the right at L5-S1 with moderate degenerative changes." (Id.). The HSD did not reveal to Morgan the findings and conclusions of his X-ray. (Id.).

(3.) On or about October 7th, 2014, two-months later, Morgan

**Statement of Facts Continued** *(Page 2 of 7)*

submitted an Inmate Request complaining about lower back pain. See attached (Exhibit C), that he needs a refill on his prescribed medication of Naproxen 500mg Tablets, and that he needed to know the results of his X-ray conducted on his lower back. (Id.). He was instructed to report and sign-up for sick call. (Id.). Morgan reported to sick call and was not given the results of his X-ray; he was told that he would be placed on the call-out. (Id.).

(4.) On or about November 24th, 2014, forty-eight days later, Morgan submitted a electronic complaint to HSD complaining about excruciating lower back pain. See attached (Exhibit D). He was once again instructed to report to sick call. (Id.).

(5.) On November 26th, 2014, two-days later, Morgan reported to sick call. See attached (Exhibit E). HSDP Nikbakht examined him and prescribed a new medication treatment predniSONE 10mg Tablets Dosepak #48 for the pain. (Id.). However, the new prescription order was changed to a previous medication, Naproxen 500mg Tablets. (Id.). At this point, the HSD still did not give Morgan the results of his X-ray. (Id.). More importantly, HSD did not tell Morgan that he had Degenerative Disc Disease. (Id.).

Statement Of Facts Continued (Page 3 of 7).

(6.) On or about December 6th, 2014, ten-days later, Morgan submitted another electronic complaint to the HSD complaining about increased lower back pain; and that his Naproxen 500mg Tablets and predniSONE 10mg Tablets prescriptions were not available to him when he attempted to pick them up. See attached (Exhibit F). Morgan was instructed to report to sick-call. (Id.). However and more importantly, HSD did not tell Morgan that his X-rays conclusively showed he had Degenerative Disc Disease, that the discs between his vertebrae of his spinal column was in fact deteriorating, and that the intense pain he is experiencing will result in loss of function. (Id.).

(7.) On or about February 19th, 2015, Morgan submitted another electronic complaint to HSD complaining about re-occurring lower back pain. See attached (Exhibit G). He was once again instructed to report to sick-call. (Id.). Again, HSD did not tell Morgan that he had Degenerative Disc Disease. (Id.).

(8.) On or about December 11th, 2015, Morgan submitted another electronic complaint to HSD. See attached (Exhibit H). In said complaint, Morgan complained about severe lower back pain and back spasms, and asked for a refill of a prior prescription, Naproxen 500mg Tablets to relieve the pain. (Id.). He was once again instructed to report to Sick-call. (Id.). Again, HSD did not reveal the X-ray results and tell Morgan that he had Degenerative Disc Disease. (Id.).

(9.) On or about December 21st, 2015, Morgan reported to sick-call. See attached (Exhibit I). HSD examined him and once again prescribed Morgan Naproxen 500mg Tablets to relieve the pain. (Id.). Again, HSD did not

Statement Of Facts Continued (Page 4 of 7).

reveal the results of his X-rays and that he had Degenerative Disc Disease.

10. On or about January 27th, 2016, Morgan reported to HSD for a follow-up visit. See attached (Exhibit J). Morgan was once again examined and prescribed Naproxen 500mg Tablets for his continued pain. (Id.). Again, HSD still did not reveal the results of his X-rays and/or tell Morgan that he had Degenerative Disc Disease. (Id.).

11. On or about February 7th, 2017, Morgan reported to HSD complaining about back pain. See attached (Exhibit K). Morgan requested a refill of his previous prescribed pain medication, Naproxen 500mg Tablets. (Id.). However, HSD refused to issue any more pain medication to Morgan. (Id.). Also, HSD still did not reveal the results of his 2014 X-ray. (Id.).

12. On or about February 28th, 2017, twenty-one days later, Morgan reported to HSD complaining about lower back pain. See attached (Exhibit L). Morgan told HSD that for the tightness in his lower back "he borrowed another inmate's back brace which gives him support." (Id.). HSD advised Morgan to do "no heavy lifting; use proper body mechanics; take Ibuprofen as needed; and buy Ibuprofen from the inmate commissary." (Id.). Also, HSD requested a second X-ray of Morgan's Lumbar Spine. (Id.).

13. On or about March 2nd, 2017, Morgan's second X-ray on his Lumbar Spine was completed. See attached (Exhibit M). HSD did not notify Morgan that his second X-ray results was completed and available for review. (Id.).

14. On or about April 17th, 2017, Morgan reported back to HSD complaining about lower back pain and then requested the results of his first and second X-rays. See attached (Exhibit N). Morgan was advised that he will be placed on the call-out and to continue to buy pain relievers from the commissary. (Id.).

Statement Of Facts Continued (Page 5 of 7).

(15.) Finally, on or about April 26th, 2017, Morgan finally recieved a copy of his medical records from January 1st, 2014 through April 20th, 2017. After several attempts and requests Morgan finally discovered the results from his first and second X-rays on his lower back. Morgan discovered that "he had Degenerative Disc Disease," and that "his condition was worsening." Morgan compared his first X-ray to his second X-ray. Both X-ray's conclusively demonstrated to Morgan that "the discs between his vertebrae of his spinal column was deteriorating." (Compare first X-ray at Exhibit B to second X-ray at Exhibit M).

(16.) On or about June 26th, 2017, Morgan was placed on the medical call-out for a follow-up on his lower back pain issue. See attached (Exhibit O). Morgan was recommended to see the Physical Therapist, and was advised to continue using the inmate commissary Ibuprofen as needed for the pain. (Id.).

(17.) On or about October 24th, 2017, Morgan was called to HSD for a follow-up visit on his lower back pain. See attached (Exhibit P). Morgan while at HSD asked "whether there was a medical procedure that can remedy his lower back condition." HSP Li, Richard, MD told Morgan that "there was no medical procedure that can remedy his condition."

(18.) On or about November 15th, 2017, Morgan was called to HSD to see the Physical Therapist for an evaluation encounter. See attached (Exhibit Q). Treatment was issued in the form of home special exercises to decrease pain. (Id.). Morgan was advised by the Physical Therapist that he will re-evaluated in 30 days. (Id.).

Statement Of Facts Continued (Page 6 of 7)

19. On or about December 20th, 2017, Morgan was called back to HSD to see the Physical Therapist for a follow-up visit to re-evaluate his treatment. See attached (Exhibit R). Morgan was advised to continue his treatment and perform home exercise plan daily. (Id.).

20. On or about January 18th, 2018, Morgan started investigating his Degenerative Disc Disease and enlisted his cousin Shamara Hollerman to help him. See attached (Exhibit S). Morgan's cousin Googled the term "Degenerative Disc Disease" and emailed him the results. (Id). Morgan learned that HSD Li, Richard, MD lied to him and that there is in fact medical procedure remedies that can be done to help his condition. (Id.). Morgan also learned that there are two (2) medical institutions right here in Orlando, Florida, which are Matta Spinal Care & Rehab Center, and Laser Spine Institute, that specialized in spinal injuries. (Id.).

21. On June 26th, 2018, Morgan reported to HSD complaining about lower back pain. See attached (Exhibit T). Morgan was in so much pain that he was given a Ketorolac Injection 30mg Intramuscularly and prescribed Ibuprofen 800mg Tablets. (Id). Afterwards, Morgan was advised to return to sick-call immediately if condition returns and to continue treatment of home exercises. (Id.).

22. On or about July 10th, 2018, Morgan reported back to HSD complaining about lower back pain. See attached (Exhibit U). Morgan was given a second Ketorolac Injection 30mg Intramuscularly. (Id).

23. On or about July 12th, 2018, two-days later, Morgan reported back to HSD complaining about his lower back pain. See attached (Exhibit V). Morgan was once again prescribed Ibuprofen 800mg Tablets. (Id.).

Statement Of Facts Continued (Page 1 of 1)

(24.) On or about December 10th, 2018, Morgan was called to HSD and placed on Physical Limitations/Restrictions. See attached (Exhibit W). Morgan was also issued special exercises. (Id.). Before leaving HSD, Morgan told HSD that "the Ibuprofen, Naproxen 500mg Tablets and Special Exercises is not curing his back condition, only marginally relieving the pain," and that "he's requesting surgery to repair his lower back." HSD responded and stated that "surgery was not an option."

(25.) On or about March 25th, 2019, Morgan filed a BOP Administrative Remedy claiming that "FCC Coleman HSD denied him his right to adequate medical treatment and acted with deliberate indifference to those medical needs in violation of the Eighth Amendment." See (BOP Administrative Remedy Case Number: 973689-F1). He also claimed that "the inadequate medical treatment resulted in his condition worsening." (Id.). Morgans BOP Administrative Remedy was denied. (Id.).

(26.) On or about May 6th, 2020, Morgan filed his Federal Tort Claim application. See (Administrative Tort Claim No.: TRT-SER-2020-06186). The BOP Southeast Regional Office in Atlanta, Georgia denied Morgan's claim on August 14th, 2020. (Id.).

(27.) At this present time, Morgans lower back condition has not improved. Morgan is still experiencing excruciating pain; pain still shoots down his back to his legs; he still experience stiffness and tightness in his lower back; he still have back spasms; he still can't sit down for long periods of time or stand up; and still feel numbness in legs and sometimes his feet. Simply put, Morgans lower back condition is worsening.

## V. STATEMENT OF CLAIMS

State what rights under the Constitution, laws, or treaties of the United States have been violated. Be specific. If more than one claim is asserted, number each separate claim and relate it to the facts alleged in Section III. If more than one Defendant is named, indicate which claim is presented against which Defendant.

Denial of Right to adequate medical treatment which resulted in deliberate indifference to those medical needs, in violation of the Eighth Amendment to the United States Constitution.

## VI. RELIEF REQUESTED

State briefly what relief you seek from the Court. Do not make legal arguments or cite to cases/ statutes. If requesting money damages *(either actual or punitive damages)*, include the amount sought and explain the basis for the claims.

a.) Monetary damages (actual, nominal, and/or punitive) in the amount of $1,500,000.00 dollars for pain and suffering, and violation of Civil and Constitutional Rights; b.) Injunction Relief order FBOP to do a MRI on lower back; and c.) cost coverage of medical bills in the future.

**ATTENTION:** *The Prison Litigation Reform Act ("PLRA") does not permit awards for punitive or compensatory damages "for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act . . . ." 42 U.S.C. § 1997e(e).*

## VII. EXHAUSTION OF ADMINISTRATIVE REMEDIES

The PLRA requires that prisoners exhaust all available administrative remedies *(grievance procedures)* before bringing a case. 42 U.S.C. § 1997e(a). **ATTENTION:** *If you did not exhaust available remedies prior to filing this case, this case may be dismissed.*

## VIII. PRIOR LITIGATION

**ATTENTION:** *The "three strikes rule" of the PLRA bars a prisoner from bringing a case without full payment of the filing fee at the time of case initiation if the prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).*

A. To the best of your knowledge, have you had any case dismissed for a reason listed in § 1915(g) which counts as a "strike"?

☐ YES  ☑ NO

If you answered yes, identify the case number, date of dismissal and court:

1. Date: _____ Case #: _____
   Court: _____

2. Date: _____ Case #: _____
   Court: _____

3. Date: _____ Case #: _____
   Court: _____

*(If necessary, list additional cases on an attached page)*

B. Have you filed other lawsuits in either *state or federal court* dealing with the same facts or issue involved in this case?

☐ YES  ☑ NO

If you answered yes, identify the case number, parties, date filed, result *(if not still pending)*, name of judge, and court for each case *(if more than one)*:

1. Case #: _____ Parties: _____

Court: _____ Judge: _____

Date Filed: _____ Dismissal Date *(if not pending)*: _____

Reason: _____

2. Case #: _____ Parties: _____

Court: _____ Judge: _____

Date Filed: _____ Dismissal Date *(if not pending)*: _____

Reason: _____

C. Have you filed any other lawsuit in federal court either challenging your conviction or otherwise relating to the conditions of your confinement?

✓ YES   ☐ NO

If you answered yes, identify all lawsuits:

1. Case #: 1:03-cv-21761-  Parties: Morgan v. United States
   Court: S.D. Florida KMM   Judge: K. Michael Moore
   Date Filed: 6/28/2003  Dismissal Date *(if not pending)*: 6/30/2004
   Reason: Actual Innocence and Ineffective Assistance of Counsel

2. Case #: _____ Parties: _____

   Court: _____ Judge: _____

   Date Filed: _____ Dismissal Date *(if not pending)*: _____

   Reason: _____

3. Case #: _____ Parties: _____

    Court: _____ Judge: _____

    Date Filed: _____ Dismissal Date *(if not pending)*: _____

    Reason: _____

4. Case #: _____ Parties: _____

    Court: _____ Judge: _____

    Date Filed: _____ Dismissal Date *(if not pending)*: _____

    Reason: _____

5. Case #: _____ Parties: _____

    Court: _____ Judge: _____

    Date Filed: _____ Dismissal Date *(if not pending)*: _____

    Reason: _____

6. Case #: _____ Parties: _____

    Court: _____ Judge: _____

    Date Filed: _____ Dismissal Date *(if not pending)*: _____

    Reason: _____

*(Attach additional pages as necessary to list all cases. **Failure to disclose all prior cases may result in the dismissal of this case.**)*

## IX. CERTIFICATION

I declare under penalty of perjury that the foregoing (including all continuation pages) is true and correct. Additionally, as required by Federal

Rule of Civil Procedure 11, I certify that to the best of my knowledge, information, and belief, this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to timely notify the Clerk's Office if there is any change to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date: 12/1/2020  Plaintiff's Signature: _Daniel Morgan_

Printed Name of Plaintiff: _Daniel Latrevors Morgan_

Correctional Institution: _Federal Correctional Complex - Medium_

Address: _P.O. Box 1032, Coleman, Florida 33521_

---

**I certify and declare, under penalty of perjury, that this complaint was (*check one*) ☑ delivered to prison officials for mailing or ☐ deposited in**

the prison's mail system for mailing on the __1st__ day of __December__,
20 __20__.

Signature of Incarcerated Plaintiff: ___Daniel T. Morgan___